UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

February 16, 2010

TO ALL COUNSEL OF RECORD:

    Subject:  *Robertson v. Astrue*
                 Case No. JKB-09-31

Dear Counsel:

      On January 8, 2009, the Plaintiff, Ms. Edna Robertson, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Paper No. 1.) I have considered the parties' cross-motions for summary judgment (Paper Nos. 13 & 17) and Ms. Robertson's response to Defendant's motion for summary judgment (Paper No. 18). I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am reversing the agency's decision, and I am writing this letter to explain my rationale.

      The Appeals Council denied Ms. Robertson's request for review (Tr. 6-9), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. In his written decision, the ALJ found that Plaintiff had acquired sufficient quarters of coverage to remain insured through December 31, 2005. (Tr. 19.) Ms. Robertson's benefits application was based upon her claim of disability due to herniated discs, depression, osteoporosis, hypoglycemia, multiple sclerosis,[1] hepatitis C, and "red and white blood cell problems." (Tr. 58.) The ALJ determined that Plaintiff had three severe impairments: multiple sclerosis, osteoarthritis, and major depression. (Tr. 19.)

      Although the ALJ extensively discussed and compared Ms. Robertson's depression to the criteria of the Listing of Impairments ("LOI") (Tr. 19-21), he failed to do the same for her impairments of multiple sclerosis and osteoarthritis. This failure constitutes reversible error. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (without explanation by ALJ that compared plaintiff's symptoms to relevant section of LOI, Court unable to tell whether decision denying benefits was based on substantial evidence). Further, he should have discussed the combination of Plaintiff's impairments, severe and nonsevere, to determine if that combination satisfied the LOI. *See* 20 C.F.R. §§ 404.1523, 416.923 ("we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to be basis of disability). On remand, the ALJ will also have an opportunity to discuss any side effects of medication taken by Plaintiff. *See* 20 C.F.R.

---

[1] Referred to as "ms" in the disability report. (Tr. 58.)

§§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (consideration of the type, dosage, effectiveness, and side effects of any medication a claimant takes or has taken is a factor in Defendant's determination of an impairment's severity). In her supporting memorandum to her motion for summary judgment, Plaintiff has listed *potential* side effects of various medications taken by her. (Paper No. 13 at 5-8.) However, the ALJ is only required to consider *actual* side effects experienced by Plaintiff.

Plaintiff has additionally complained that her treating physicians' opinions that she was unable to work were not given controlling weight. (*Id.* at 13.) Her argument does not correctly state applicable law. Whether an individual is able to work is an issue that is expressly reserved to Defendant because it disposes of the case. 20 C.F.R. §§ 404.1527(e), 416.927(e). Accordingly, no special significance is to be given to the source of an opinion on such an issue. 20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3); SSR 96-5p ("treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance"). Even so, "[i]n evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d)." SSR 96-5p. Because this case is being remanded, the ALJ will have an opportunity to engage in a fuller discussion as to the physicians' opinions, which the ALJ rejected. This is not meant to indicate that the ALJ reached an incorrect conclusion; instead, it is meant to say only that the record needs to be more fully developed for judicial review.

The last point is the ALJ's credibility determination. It is within the province of the finder of fact to determine the credibility of witness testimony and the weight to be assigned to it. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Here, the ALJ found that Ms. Robertson less than fully credible based upon several factors. One factor was that she complained in her testimony of incontinence, but the ALJ noted that the record only showed urinary retention as her bladder dysfunction. (Tr. 25.) As Plaintiff has pointed out, the record includes a medical report that she also complained of urge incontinence. (Tr. 343.) On remand, the ALJ can address this point.

For the foregoing reasons, the Court will enter a separate order REVERSING the agency's decision, DENYING Plaintiff's Motion for Summary Judgment, GRANTING Plaintiff's Motion for Remand, and DENYING Defendant's Motion for Summary Judgment.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

              Very truly yours,

              /s/

              James K. Bredar
              United States Magistrate Judge

JKB/jh